reyespleaagr
LEONARDO M. RAPADAS
United States Attorney
WILLIAM G. PARKER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED

NOV - 9 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00088 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| BRYAN PAUL REYES, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(A), the United States and the defendant, BRYAN PAUL REYES, enter into the following plea agreement:

1. The defendant, BRYAN PAUL REYES, agrees to plead guilty to Count I of the Indictment charging him with Theft of Government Property, in violation of 18 United States Code, Sections 641.

2. The defendant understands that the <u>maximum</u> sentence of Count I of the Indictment, Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00 as specified in 18 U.S.C. § 3571, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013 . Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised

**ORIGINAL**

release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing.

3. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Count I, Theft of Government Property, in violation of 18 United States Code, Sections 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

<u>Second</u>, the property belonged to the United States; and

<u>Third</u>, the value of the property was more than $1000.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1986, and is a citizen of the United States.

b. That beginning on or about April 2007 and continuing up to on or about July 25th, 2007, in the District of Guam, the defendant, BRYAN PAUL REYES, willfully and knowingly, did steal and purloin United States property from the Navy Exchange, Guam. That the defendant, BRYAN PAUL REYES, knowingly and willingly stole the property with the intention of depriving the owner of the use or benefit of the property. That property from the Navy Exchange, Guam, is property of the United States. That the total value of the property stolen and purloined from the Navy Exchange, Guam, was of the value of $2,600.00. That the property from the Navy Exchange, Guam, had come into the possession of the defendant, BRYAN PAUL

REYES, by virtue of his employment at the Navy Exchange, Guam.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to be liable for restitution in the amount of $2,600.00 to the Navy Exchange in Guam.

8. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into his plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

- 3 -

| | |
|---|---|
| 1 |     g. That he reads, writes and speaks the English language and has no need for an |
| 2 | interpreter; |
| 3 |     h. That he has read the plea agreement and understands it; and |
| 4 |     i. The Defendant is satisfied with the representation of his lawyer and feels that his |
| 5 | lawyer has done everything possible for his defense. |

DATED: 11-9-07

**BRYAN PAUL REYES**
Defendant

DATED: 11/9/07

**RICHARD ARENS**
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11/9/07    By: _____
**WILLIAM G. PARKER**
Special Assistant U.S. Attorney

DATED: 11/9/07    By: _____
**JEFFREY J. STRAND**
First Assistant U.S. Attorney

- 4 -